UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ROBERT WANKOWSKI and
SUSETTE WANKOWSKI,

         Plaintiffs,

v.

TAYLOR BEAN & WHITAKER
MORTGAGE CORP., et al.,

         Defendants.

2:10-CV-538 JCM (PAL)

**ORDER**

Presently before the court is plaintiffs Robert Wankowski and Susette Wankowski's motion to remand (Doc. #6). Defendant Bank of America Corporation ("BAC") filed a timely opposition (Doc. #10). To date, plaintiff has not filed a reply.

Plaintiffs filed their complaint in the Eighth Judicial District Court of Nevada on February 19, 2010, with the following claims for relief: 1) promissory estoppel; 2) wrongful foreclosure/quiet title; 3) misrepresentation; 4) injunctive relief. (Doc. #1). Defendant Taylor Bean & Whitaker ("TBW") previously filed for Chapter 11 bankruptcy protection on August 24, 2009. TBW has not answered the complaint nor made any appearances in this case. Defendant BAC removed this action to federal court on the basis of diversity on April 14, 2010.

Federal district courts have original jurisdiction over civil actions when there is diversity between the parties, and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. For purposes of diversity, the Supreme Court has held that "the principal place of business" of a

**James C. Mahan**
**U.S. District Judge**

1  corporation is its headquarters, the place that "is the actual center of direction, control, and
2  coordination." *Hertz Corp. v. Friend*, 559 U.S. ___, 2010 WL 605601, at *11 (Feb. 23, 2010); *see*
3  *also Montrose Chemical Corp. Of California v. American Motorists Ins. Co.*, 117 F.3d 1128, 1134
4  (9th Cir. 1997).

5      Here, there is diversity between the parties.  Both plaintiffs are residents of Nevada.
6  Defendant TBW is a Florida corporation with headquarters in Florida, and defendant BAC is a
7  Delaware corporation with its headquarters in North Carolina.

8      Additionally, the amount in controversy exceeds $75,000.  Plaintiffs seek an order quieting
9  title to their residence and setting aside a trustee's deed upon sale. The trustee's deed upon sale at
10 issue states the residence sold at a price exceeding $300,000.  By seeking an order voiding the
11 trustee's deed upon sale, plaintiffs have placed more than $300,000 at issue.

12     Plaintiffs argue remand is required because defendant BAC's filing for removal was
13 untimely.  Under 28 U.S.C. § 1446(b), "[t]he notice of removal of a civil action or proceeding shall
14 be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy
15 of the initial pleading, setting forth the claims for relief..."

16     This court finds defendant BAC's filing was timely because Nevada has adopted the
17 later-served rule. *See Coleman v. Assurant, Inc*. 463 F.Supp.2d 1164, 1168 (D.Nev. 2006).  When
18 a plaintiff sues multiple defendants in Nevada, "a later-served defendant [has] 30 days from the date
19 of service to remove a case to federal court, with the consent of the remaining defendants." *Id*. at
20 1166.  Plaintiffs served defendant BAC on March 25, 2010. Accordingly, BAC filed its petition for
21 removal on April 14, 2010, within the 30-day time limit.

22     Plaintiffs also contend that because BAC did not obtain defendant TBW's consent to remove
23 this action, remand is required even if BAC timely filed for removal.  However, TBW obtained
24 Chapter 11 bankruptcy, which automatically stays an action against the debtor, before plaintiffs filed
25 their complaint. *In Re Richard White*, 186 B.R. 700, 704 (9th Cir. 1995). Therefore, TBW's consent
26 is not necessary to remove this action to federal court.

27
28

**James C. Mahan**
**U.S. District Judge**

- 2 -

1  Accordingly,

2  IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiffs Robert

3  Wankowski and Susette Wankowski's motion to remand (Doc. #6) be DENIED.

4  DATED July 8, 2010.

*[signature]*
_____
**UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**