# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

ROBERT WANKOWSKI and
SUSETTE WANKOWSKI,

    Plaintiffs,

v.

TAYLOR BEAN & WHITAKER
MORTGAGE CORP., et al.,

    Defendants.

2:10-CV-538 JCM (PAL)

### ORDER

Presently before the court is defendant Bank of America Corporation's (hereinafter "BOA") motion to dismiss. (Doc. # 13). Plaintiffs Robert Wankowski and Susette Wankowski filed an opposition. (Doc. # 20). BOA filed a reply. (Doc. # 22).

Plaintiffs' complaint (doc. #21) stems from the alleged wrongful foreclosure of their property. Plaintiffs assert claims for relief against BOA and Taylor Bean & Whitaker Mortgage Corporation (hereinafter "TBW") for (1) promissory estoppel, (2) wrongful foreclosure/quiet title, (3) misrepresentation, and (4) preliminary/permanent injunction, as well as seek punitive damages in an amount in excess of $10,000.00.

According to the complaint, the subject property was purchased by the plaintiffs using a loan from TBW in February of 2008. Subsequently, plaintiffs wished to modify the loan, and admittedly chose to stop making payments on the loan. TBW issued a notice of breach and election to sell on February 27, 2009. Plaintiffs assert that upon receiving this notification, they contacted TBW. They

**James C. Mahan**
**U.S. District Judge**

1  further assert that TBW told them that the property would not be foreclosed upon while they were
2  applying for loan modification. However, in May of 2009, TBW sent notice of trustee's sale, setting
3  a sale date of June 14, 2009. The trustee's sale occurred on June 17, 2009 (doc. #13-3).

4  Defendant BOA does not appear until after this sale occurs. Plaintiffs received a letter from
5  BOA stating that it had purchased the loan. Upon learning of this, plaintiffs contacted BOA. They
6  were told that the sale had taken place, and that no modification was ongoing. Plaintiffs allege that
7  at this time a BOA employee instructed them to send the modification application materials and a
8  letter explaining their situation. After doing this, plaintiffs assert that they received a letter stating
9  that they did not qualify for modification for failure to timely submit the application. On February
10 3, 2010, plaintiffs were notified that they had three days to vacate their former property.

11  Motion to Dismiss

12  Defendant BOA's present motion to dismiss (doc. # 13) asserts that the complaint should be
13 dismissed pursuant to Federal Rule of Civil Procedure 12 (b)(6) for failure to state a claim for which
14 relief can be granted. Specifically, BOA asserts that it "had no involvement in plaintiffs' loan or the
15 foreclosure process against the real property," that there is no evidence of fraudulent conduct on its
16 part, and that plaintiffs cannot sue for wrongful foreclosure "because they were in default on their
17 loan payments." BOA also moves to strike portions fo the complaint which seek punitive damages
18 pursuant to Federal Rule of Civil Procedure 12(f).

19  Under Federal Rule of Civil Procedure 12(b)(6), dismissal is proper when a complaint fails
20 to state a claim upon which relief can be granted. In order for the plaintiffs to survive a 12(b)(6)
21 motion, they must "provide the grounds for [] entitlement to relief [which] requires more than labels
22 and conclusions. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 547 (2007). Under rule 8(a)(2), a
23 complaint must contain a "short and plain statement of the claim showing that the pleader is entitled
24 to relief," and must be more than "an unadorned, the defendant-unlawfully-harmed-me accusation."
25 *See* Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal,* 129 S.Ct 1937, 173 L.Ed.2d 868 (2009), quoting
26 *Twombly* at 555.

**James C. Mahan**
**U.S. District Judge**

- 2 -

Promissory Estoppel

A claim for relief under the theory of promissory estoppel survives when the plaintiff can show that there was "[a] promise which the promisor should reasonably expect to induce action or forebearance on the part of the promisee... and which does induce such action or forebearance." *Vancheri v. GNLV Corp.,* 105 Nev. 417, 777 P.2d 366 (1989); *See* Restatement (Second) of Contracts § 90(1) (1973). A promise such as this is binding "if injustice can be avoided only by enforcement of the promise." *Id.*

Plaintiffs assert a cause of action for promissory estoppel, alleging that "[p]laintiff relied to their detriment that foreclosure would not occur and that a loan-modification agreement would be executed between the parties," and that they would have "taken other alternatives such as filing this underlying action prior to the foreclosure in order to thwart a foreclosure." However, the facts provided in the complaint assert that BOA never made a representation to the plaintiffs before the foreclosure sale. The sale took place in June of 2009, and the first time BOA had contact with the plaintiffs wasn't until a month later in August.

Therefore, there cannot be said to have been a promise by BOA that foreclosure would not occur *after* the actual foreclosure had already taken place. Any reliance on an alleged promise by BOA occurred *after* the foreclosure, as BOA was not involved in the foreclosure process. Thus, a claim against it for promissory estoppel with regards to the foreclosure cannot survive.

Wrongful Foreclosure/Quiet Title

Plaintiffs assert a claim of wrongful foreclosure against both defendants. However, as stated above and conceded to by the plaintiffs, BOA was not involved in the foreclosure process. A claim for wrongful foreclosure must allege and establish that no breach existed that would have authorized the exercise of the power of sale under the deed of trust. *Collins v. Union Fed. Sav. & Loan Ass'n,* 99 Nev. 284, 303, 662 P.2d 610, 623 (1983). The crux of a wrongful foreclosure is "whether the trustor was in default when the power of sale was exercised." *Id* at 303.

Here, the plaintiffs stated that they were wrongfully foreclosed upon because "[d]efendants could not foreclose[] on the property while making representations that [they] would not foreclose

1  on the property." However, not only was BOA not involved in the foreclosure, but the plaintiffs
2  admit that they were not making their payments on the property. Therefore, as they were in "default
3  when the power of sale was exercised," a claim of relief for wrongful foreclosure cannot succeed.

4  Plaintiffs also assert a claim for quiet title against both defendants. To state a claim for quiet
5  title, the plaintiffs must allege that "the defendant[s] [are] unlawfully asserting an adverse claim to
6  title to real property." *Clay v. Cheeline Banking & Trust Co.,* 40 Nev. 9, 159 P. 1081 (1916). The
7  plaintiffs must first establish a right to set aside the foreclosure sale, by proving that the trustee or
8  other authorized person did not substantially comply with the statutory provisions. *See* Nev. Rev.
9  Stat. § 170.080(5)(a)-(c).

10  The plaintiffs do not allege in their complaint that any statutory provisions were violated, and
11  it is clear from the present motion that all provisions were complied with (doc. # 13-2 and #13-3).
12  Further, there is nothing in the complaint that suggests that BOA has a claim to title to the property.
13  Thus, the claim for quiet title cannot survive.

14  <u>Misrepresentation</u>

15  A claim for fraud or misrepresentation must be pled with particularity under Federal Rule
16  of Civil Procedure 9(b). *Yourish v. Cal. Amplifier*, 191 F.3d 983, 993 (9th Cir. 1999). To meet this
17  standard, the plaintiffs must present details regarding the "time, place, and manner of each act of
18  fraud, plus the role of each defendant in each scheme." *Lancaster Com. Hosp. v. Antelope Valley*
19  *Hosp. Dist.*, 940 F.2d 397, 405 (9th Cir. 1991).

20  Plaintiffs must show that a "false representation [was] made with knowledge or belief that
21  it [was] false, or with an insufficient basis of information for making the representation, and with
22  the intent to induce the plaintiff to act, and the plaintiff relies on the misrepresentation with resulting
23  damage." *Jordan v. State ex rel. Dept. of Motor Vehicles & Pub. Safety,* 121 Nev. 44, 74, 110 P.3d
24  30 (2005). (*citing Bartmettler v. Reno Air, Inc.,* 956 P.2d 1382, 1386 (Nev. 1998).

25  Here, plaintiffs allege that defendants "have conducted misrepresentation by making
26  representations that foreclosure would not occur during the loan-modification process." However,
27  according to the complaint, BOA told plaintiffs that their house "was not in the loan-modification
28

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  process." There is no allegation that BOA promised that foreclosure would not take place. In fact,
2  as stated above, BOA did not appear until after the foreclosure had already occurred. Therefore, the
3  claim for misrepresentation must be dismissed.

4  <u>Preliminary/Permanent Injunction</u>

5  The Supreme Court has held that courts must consider the following factors in determining
6  whether to issue a preliminary injunction: 1) a likelihood of success on the merits; 2) possibility of
7  immediate irreparable injury if preliminary relief is not granted; 3) balance of hardships; and 4)
8  advancement of the public interest. *Winter v. N.R.D.C.*, 129 S. Ct. 365, 374-76 (2008). Courts will
9  allow a claim for injunctive relief to proceed where there are underlying claims on which an
10 injunction can be based. *See, e.g., Infor Global Solutions (Michigan), Inc. v. Hanover Corp.*, 2009 WL
11 2778258, at 2* (N.D.Ga. Aug. 28, 2009) (Acknowledging injuction is a remedy but denying motion
12 to dismiss where claims that could support injunction could proceed).

13 Based on the court's finding that the claims herein must fail, it cannot be established that the
14 plaintiffs have a "likelihood of success on the merits," or that there are any underlying claims on
15 which the injunction could be based. Therefore, the claim for injunction must be dismissed.

16 <u>Punitive Damages</u>

17 The plaintiffs seek punitive damages for the alleged misrepresentation in an amount in excess
18 of $10,000.00. Since the claim for misrepresentation must fail for the reasons stated above, the
19 plaintiffs' claim for punitive damages also fails.

20 Accordingly,

21 IT IS HEREBY ORDERED ADJUDGED AND DECREED that defendant Bank of America
22 Corporation's motion to dismiss (doc. # 13) be, and the same hereby is, GRANTED.

23 IT IS THEREFORE ORDERED that the above captioned case be DISMISSED as to
24 defendant Bank of America Corporation only.

25 DATED December 13, 2010.

                                          _____
                                          **UNITED STATES DISTRICT JUDGE**

**James C. Mahan**
**U.S. District Judge**

- 5 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**James C. Mahan**
**U.S. District Judge**                                - 6 -